# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:06CV454-01-MU

| | |
|---|---|
| THOMAS WALKER, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| CAPTAIN WEBSTER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed November 1, 2006.

In his Complaint Plaintiff alleges that despite having informed Defendant Tucker, a correctional officer, on several occasions over the course of a week of his fear of being sexually assaulted by inmate Burton, Defendant Tucker took no action to protect him. Plaintiff further alleges that shortly thereafter on March 12, 2005, he was raped and assaulted by inmate Burton. Plaintiff alleges that the next day he reported the attack and was escorted to see Defendant Webster, a captain. Plaintiff states that, after hearing Plaintiff's allegations, Defendant Webster took his report and sent him to the medical department. At medical, Plaintiff states that he was examined and then prescribed an ice pack for his swollen eye and given Tylenol for five days. Plaintiff states that later that evening Defendant Webster called Plaintiff to his office to get a written statement. Plaintiff states that at this time he informed Defendant Webster that he wished to file criminal charges against inmate Burton. Plaintiff alleges that Defendant Webster informed him that he would contact the

Anson County Sheriff's Department and Magistrate Office about pressing charges. A couple of days later, Plaintiff alleges that Defendant Webster told Defendant Lassiter to take a picture of Plaintiff's face. Plaintiff states that at this time he informed Defendant Lassiter that he wished to press criminal charges against inmate Burton. Plaintiff states that inmate Burton was placed on maximum security segregation lock-up after he was convicted at his disciplinary hearing.

Plaintiff also complains about the medical care he received at Lanesboro Correctional Institution. More specifically, Plaintiff alleges that his requests to see a specialist for the damage done to his nose were repeatedly denied. Plaintiff states that an X-ray of his nose was taken on March 17, 2005, and he was informed that the results came back negative. Plaintiff states that shortly after he was transferred to Marion Correctional Institution in October 2005, he was examined by a doctor who determined that he needed surgery on his nose. Plaintiff states that Defendant Dixie, a nurse, and Defendant Dawkins, a doctor, incorrectly diagnosed the medical problems with his nose. In particular, Plaintiff alleges that Defendant Dawkins misread his X-ray.

## ANALYSIS

### DEFENDANT TUCKER

Plaintiff alleges that Defendant Tucker, a correctional officer at Lanesboro Correctional Institution (Lanesboro), failed to protect him from inmate violence. More specifically, Plaintiff alleges that from about March 5, 2005, to March 12, 2005, he complained to Defendant Tucker that he was being sexually harassed by another inmate who was a known sexual predator. In addition, Plaintiff states that during this same time period he handed over to Defendant Tucker sexually explicit letters written by his attacker and addressed to him. Plaintiff alleges that he requested to be housed separately from the inmate. Plaintiff alleges that despite his pleas,

Defendant Tucker took no action to protect Plaintiff from his attacker. On March 12, 2005, Plaintiff alleges that his attacker raped and assaulted him.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

After receiving Plaintiff's Complaint, on November 6, 2006, this Court sent him an Order informing him of § 1997e's exhaustion requirement and ordering him to provide all proof that he has exhausted his administrative remedies.[1] In response to this Order, Plaintiff sent the Court copies of three grievances. The first grievance dated February 21, 2006, concerned his complaints against Defendants Webster and Lassiter and his desire to file criminal charges against his attacker. In addition, Plaintiff made a generalized complaint about his medical treatment. In his two grievances dated June 26, 2006, Plaintiff again asserts a desire to press criminal charges against his attacker. In none of the grievances provided by Plaintiff does he

---

[1] In Anderson v. XYZ Correctional Health Servs. Inc., 407 F.3d 674 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit held that the PLRA's exhaustion requirement does not impose a heightened pleading requirement on an inmate. Id. at 683. The Fourth Circuit, however, held that a court could sua sponte dismiss a complaint for failure to exhaust if failure to exhaust is evident from the face of the complaint or if it has given the plaintiff an opportunity to address the issue. Id. at 682-83. Here, Plaintiff was given an opportunity to address the exhaustion issue and he did in fact do so.

complain in any fashion about Defendant Tucker's alleged failure to protect him. As such, Plaintiff has failed to exhaust his claim against Defendant Tucker.

**DEFENDANTS DAWKINS and DIXIE**

Plaintiff alleges that Defendant Dawkins, a medical doctor, and Defendant Dixie, a nurse, violated his constitutional rights when they were deliberately indifferent to his serious medical need

As an initial matter, the Court notes that, based upon the information submitted to the Court by Plaintiff in response to this Court's request for evidence regarding his exhaustion of his administrative remedies, this Court concludes that Plaintiff did not exhaust his administrative remedies with regard to his claim against Defendant Dawkins or Defendant Dixie. First and foremost, the Court notes that neither defendant is mentioned by name in any of Plaintiff's grievances. Second, the Court notes that Plaintiff did specify any action[2] by either defendant that violated his constitutional rights. Consequently, Plaintiff has not exhausted his administrative remedies with regard to his allegations against Defendant Dawkins and Defendant Dixie.

Moreover, even if Plaintiff had exhausted his administrative remedies with regard to his claim against Defendant Dawkins, Plaintiff has failed to allege a constitutional claim against Defendant Dawkins. To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is

---

[2] Indeed, Plaintiff did not allege any specific medical problem in his grievances. His only reference to a problem with his medical treatment was a completely general complaint against the medical department.

4

either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 986).

At most, Plaintiff alleges that Defendant Dawkins misread his X-ray. Thus, based upon the facts submitted by Plaintiff himself, this Court concludes that, at most, Plaintiff was the recipient of negligent medical care. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1).

Likewise, even if Plaintiff had exhausted his administrative remedies with regard to his claim against Defendant Dixie, Plaintiff has failed to allege a constitutional claim against her. Based upon Plaintiff's own assertions it appears that Defendant Dixie relayed to Plaintiff the doctor's medical conclusion that the X-ray of his nose was negative. In addition, Plaintiff complains that Defendant Dixie refused to refer him to a specialist. Plaintiff does not allege that Defendant Dixie had the independent authority to refer Plaintiff to a specialist. Again, mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Plaintiff has failed to state a constitutional claim against Defendant Dixie.

**DEFENDANT WADE**

Plaintiff alleges that Defendant Wade, the correctional officer assigned to investigate

either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 986).

At most, Plaintiff alleges that Defendant Dawkins misread his X-ray. Thus, based upon the facts submitted by Plaintiff himself, this Court concludes that, at most, Plaintiff was the recipient of negligent medical care. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1).

Likewise, even if Plaintiff had exhausted his administrative remedies with regard to his claim against Defendant Dixie, Plaintiff has failed to allege a constitutional claim against her. Based upon Plaintiff's own assertions it appears that Defendant Dixie relayed to Plaintiff the doctor's medical conclusion that the X-ray of his nose was negative. In addition, Plaintiff complains that Defendant Dixie refused to refer him to a specialist. Plaintiff does not allege that Defendant Dixie had the independent authority to refer Plaintiff to a specialist. Again, mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Plaintiff has failed to state a constitutional claim against Defendant Dixie.

**DEFENDANT WADE**

Plaintiff alleges that Defendant Wade, the correctional officer assigned to investigate

Plaintiff's attack allegations failed to collect "all medical information which provides information that would have included the charge of attempting to induce bodily fluids as well a human killing disease such the AIDS."

As an initial matter, Plaintiff did not complain in any of his grievances about Defendant Wade's conduct. He merely stated in one grievance that Defendant Wade had obtained two witness statements. Nor did he complain about the act which forms the basis of his complaint against Defendant Wade. As such, Plaintiff has failed to exhaust his claim against Defendant Wade.

Moreover, even if Plaintiff had exhausted his claim against Defendant Wade, he does not identify the constitutional right that Defendant Wade allegedly violated. After reviewing Plaintiff's claim against Defendant Wade this Court concludes that he has failed to allege a claim that rises to the level of a constitutional violation.

**DEFENDANTS WEBSTER and LASSITER**

Plaintiff alleges that Defendant Webster and Defendant Lassiter, both captains, failed to pursue Plaintiff's assertion that he wished to file criminal charges against his attacker.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

While Plaintiff does not specify which of his constitutional rights these defendants allegedly violated, this Court will construe his claim as a denial of access to the courts. In our court system, however, no citizen has an enforceable right to institute criminal prosecutions." Linda R. V. Richard V., 410 U.S. 614, 619 (1973). It is also well-established that prisoners do

not have a clearly established right to be transported to a court for the purpose of filing criminal charges. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Moreover, in response to two of Plaintiff's grievances he was reminded that he had been furnished with the address of the Magistrate's office in Anson County and that he could contact that office regarding his desire to press charges. In both instances Plaintiff agreed with the grievance response and did not elect to appeal the response. Consequently, this Court finds that Plaintiff has failed to state a claim against Defendants Webster and Lassiter.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's claim against Defendant Tucker is **DISMISSED without prejudice**; and

2. Plaintiff's claims against Defendant Wade, Dawkins, Dixie, Webster and Lassiter are **DISMISSED** for failure to state a claim.

Signed: December 4, 2006

Graham C. Mullen
United States District Judge